25-1599 Eastern Missouri, Calvin Williams v. Moberly Correctional Center, et al. All right, Mr. Eslitch, we'll hear from you first. Thank you. Good morning, Your Honors. May it please the Court, my name is Andrew Eslitch, and I represent the Plaintiff Appellant, Mr. Calvin Williams. I would like to request three minutes for rebuttal. Well, you'll have to watch the clock and sit down when it hits three if that's what you'd like. You may do so, but the clock will keep running. Absolutely. Thank you so much. Over two decades ago, Mr. Williams filed his Manphy case, which was ultimately dismissed as barred under Huck v. Humphrey. The District Court here determined a Huck dismiss action is a strike under the PLRA financially locking Mr. Williams out of the courtroom. The defendants do not argue Mr. Williams' Huck-based dismissal was frivolous or malicious under the PLRA. So the only question for this appeal is whether Huck dismissals are dismissals or failure to state a claim. They are not. Huck dismissals do not evaluate the merits of a claim, and they are dismissed based on prematurity. In this way, they are similar to abstention, ripeness, and exhaustion, which are not strikes under this court's case law. I will start by talking about what Huck is. Section 1983 actions are dismissed under Huck if their success would necessarily imply the invalidity of a conviction or sentence. Such actions are dismissed for being brought too soon, not for being meritless. Even the most meritorious actions would be dismissed under Huck, and this court has held that timing-based dismissals are not strikes. In this way, Huck functions as a threshold determination about whether a subset of 1983 actions can be brought in federal court. If a plaintiff fails to satisfy- When you say too soon, not for lack of merit, and even the most meritless case you say would be dismissed, that assumes that the first element of Huck is not a merits element. Huck operates as a threshold increase so that even the most meritorious cases would be dismissed under Huck. I guess my point is, it isn't part of it whether the claim is meritorious, whether the plaintiff has achieved the termination of the incarceration or whatever. That still goes to the threshold determination of Huck. Whether or not the plaintiff can demonstrate that their conviction or sentence is invalidated is not an element of a 1983 action. It could be an element of a 1983 action when that action sounds in malicious prosecution. The Supreme Court in Huck made that clear. On page 484 in Huck, the court stated that the one element in a malicious prosecution case that a plaintiff must allege and prove is favorable termination. But the court was sure to bracket that to malicious prosecution actions and not to all 1983 actions. So to answer the question, no, favorable termination is not an element of all 1983 claims. Rather, Huck is a threshold determination about whether or not a 1983 action is cognizable. Counsel, I'm not saying this is an easy case. After all, there is a significant circuit split here. But if we just look to Huck itself, the Supreme Court had some language that said if a plaintiff fails to plead that their underlying conviction or sentence has been reversed, then they have no cause of action under Section 1983. Why doesn't that language alone answer the question here? So the court was clear that Huck dismissed actions are not cognizable under 1983. And understanding cognizability, they operationalized it as a threshold inquiry. First, if the conviction would imply the invalidity of a sentence or conviction, then it should be dismissed if the plaintiff cannot come back and rebut that assumption. When the court used the term cause of action, it is most similar to cognizability in that sense. When the court was talking about, for example, denying the cause of action on page 489 of Huck, they went on and continued to say that they were denying the cause of action unless and until the plaintiff could come back and demonstrate that the underlying conviction or sentence was not or was invalidated at that time. So in that sense, it still operates as a threshold determination about prematurity and whether or not the court can get to the underlying merits of the action itself and evaluate those merits. So what Huck does, in other senses, is create a gap between the rights and the remedies that are solely based on cognizability. And that is about timing. And this court has recognized as much, for example, in Sheldon v. Hundley. There, in that case, this court modified a district court order to be without prejudice, recognizing that the plaintiff could come back and bring that same 1983 claim in the future after his sentence or conviction becomes invalidated. Now, analogous doctrines help us to conceptualize Huck as a threshold consideration, and that includes abstention and ripeness. Abstention and ripeness also prevent meritorious actions from proceeding because they were brought prematurely. And Huck, just like abstention, is about preventing the expansion of collateral attacks in federal courts on state court judgments. It is about avoiding parallel litigation while preserving the finality and consistency of those state court actions. And as the Second Circuit has stated, this Huck functions as a matter of judicial traffic control, not an evaluation of the merits. Now, another way to conceive of Huck is through exhaustion, or rather the failure to exhaust under the PLRA, which is not a strike under this court's case law, in that one's v. Isaac. Just like non-exhausted 1983 actions, Huck dismissals are premature until one takes certain steps before initiating a collateral attack in federal courts. They both demand exhaustion from plaintiffs and state remedies before going to state courts, and they share similar characteristics. They both become relevant after they arise, so plaintiffs can rebut both exhaustion and Huck, and they both can be forfeited. Whether this court conceptualizes Huck most akin to abstention, ripeness, or exhaustion, in either way, Huck dismissals are not dismissals for failure to state a claim. If there are no further questions, I will save the remaining time for rebuttal. I'm sorry, I didn't hear that. I will save the remaining time for rebuttal if there's no further questions, Your Honors. Very well. Thank you. Mr. Capozzi, we'll hear from you. Thank you, Your Honor. Louis Capozzi on behalf of Moberly Correctional Center. May it please the court. Congress enacted the PLRA three strikes rule to penalize meritless prisoner lawsuits, including in cases where a prisoner's claim is dismissed for failure to state a claim. At least five other circuits have recognized that cases dismissed under the Supreme Court's decision in Heck v. Humphrey are dismissed for failure to state a claim, and thus covered by the three strikes rule. This court should reach the same conclusion and affirm. Unless otherwise directed, my plan is to briefly recount our affirmative case, and then to respond to a few of my friend's points. I'd like to start with some common ground. I think that both sides agree that a claim is dismissed for failure to state a claim when you fail to plead an element of the claim. I think we agree on that. The disagreement is on whether the Heck favorable termination requirement is an element or not. That's the disagreement. But Heck itself answers this question. In Heck, the Supreme Court held that prisoners bringing 1983 claims that impugn their conviction or sentence must plead and prove that the challenged conviction or sentence was favorably terminated. Plead and prove. I'm going to come back to that a few times, because that is what distinguishes an element from the other things that appellant compares Heck to. But with Heck favorable termination, you have to plead and prove it. Otherwise, you don't have a cause of action. In Heck itself, the Supreme Court said, quote, if you fail to plead favorable termination, the prisoner, quote, has no cause of action, end quote. As the Fourth Circuit recognized in Brunson, that is the equivalent of saying you failed to state a claim. Now, why did the Supreme Court use that cause of action language? Why do you have to plead this? Well, the Supreme Court took the favorable termination element from the common law tort of malicious prosecution. And when bringing that tort, you have to plead favorable termination as an element of the tort. The Supreme Court even used the word element in the Heck case itself. And in transposing that element to prisoner 1983 claims, the Supreme Court made clear that favorable termination is an element in this context too. Most federal— How do you think plead and prove distinguishes the other examples? Are you referring to exhaustion? That and also younger and ripeness, Your Honor. The plaintiff needs to plead and prove exhaustion of remedies? You don't need to plead and prove exhaustion. So what is an element? The Fourth Circuit, I think, accurately captured what an element is. What do you think must be done with respect to exhaustion? Well, it's an affirmative defense. So exhaustion is an affirmative defense that the defendant has to bring up. The defendant has to plead the affirmative defense. The plaintiff does not have to disprove an affirmative defense when pleading. So that's the first reason why it doesn't really make sense to compare favorable termination to exhaustion. Favorable termination is something the plaintiff has to plead. An affirmative defense like exhaustion has to be pleaded by the defendant. But Heck itself explicitly said the Supreme Court is not creating an exhaustion requirement for 1983. So, you know, I understand that the Ninth and the Second Circuits analogized Heck to exhaustion. But as the Third Circuit in Garrett pointed out, that really is a substantive disagreement. That's the term the Third Circuit used, a substantive disagreement with Heck itself. Now, why is this different than abstention or ripeness? That's the other analogy that my friend offers. Once again, as the plaintiff, you don't have to plead and prove abstention or lack of the conditions that trigger abstention or lack of ripeness. The burden is on the defendant or the court to make those arguments their defenses. That's the difference between an element and something else. You know, as the Fourth Circuit explained in Brunson, an element is something that you have to plead in order to have a particular cause of action. And we know that it's an element because Heck says it's an element. It says that they're taking it from the common law toward a malicious prosecution. Heck even used the word element. So I think Heck itself really does resolve this case. My friend invoked this court's decision in Sheldon v. Hundley. I'm not sure why that's relevant. All that Sheldon did is say that a dismissal under Heck should be without prejudice. But whether a dismissal is with or without prejudice, it's not relevant to the question of whether you stated a claim or not. The Supreme Court held that in the Lomax case and said, you know, in a PLRA case, it doesn't matter if the case is dismissed without prejudice. It can still be for failure to state a claim. I think we said that in Orr v. Clements as well. Yes, Your Honor. I had a bigger picture question. So limiting access to the justice system is a very serious matter. And Heck was already precedent when the PLRA was enacted. So if Congress wanted Heck-Bard claims to count as strikes under the PLRA, shouldn't they have said so more clearly in the statute? Well, I think there's two points in response, Your Honor. First, the point of the PLRA was to penalize the filing of a lot of meritless prisoner lawsuits. And my friend says, well, if you're dismissed under Heck, it's not inherently meritless. I really don't understand that point. If you file a claim that's clearly barred by precedent and the district judge has to take the time to throw it out, that claim seems pretty meritless. And so my friend's arguments would have the effect of basically cordoning off a class of meritless prisoner lawsuits that don't get penalized under the PLRA. And that's directly contrary to Congress's intent in enacting the statute. And the other point I would make is that the courthouse door is not actually closed to people like Mr. Williams. First, they can argue that the public safety exception allows them to forego paying the filing fee, or they can pay the filing fee. So it's not actually shutting the courthouse doors. I don't think it's really a surprise or a big deal, the approach of the majority of the circuits here. I think we would want a clearer statement that Congress intended to not capture a big category of meritless prisoner claims under the PLRA. How would this man pay the filing fee? Well, prisoners can get money in their prison accounts. Their family members can put money into the accounts. Friends can put money into the accounts. I acknowledge that as a practical matter, a lot of prisoners can't pay the filing fee. I do think that— Well, you brought it up. That's why I asked. You said he could just pay the filing fee. Theoretically. I mean, some prisoners are able to pay the filing fee, Your Honor, but the state doesn't dispute that some prisoners will forego filing lawsuits if they can't, if they have to pay the filing fee. And that was Congress's intent with the three strikes rule. So what was your point then, that it wouldn't close the courthouse doors? I thought you were saying it doesn't really close the doors because he could pay the filing fee. Or he could plead that there's a public safety or imminent danger exception. My point is it doesn't always close the courthouse doors. But sometimes, as a practical matter, it may hinder a prisoner from filing an additional case. I don't dispute that. My friend did not address his alternative argument for reversal, and so I won't either. I would just respectfully refer the court to our briefs and say that the court— You're talking about the habeas? Yeah, the court— I was going to ask about that. Go ahead. I'm sorry. Well, just if the court is curious, I think what my friend is arguing is that the court should retroactively recharacterize 1983 cases barred by heck as habeas claims. The states would say there's no authority for the court to do that. There's a lot of cases in the law that you're not supposed to disrupt final judgments. You're not supposed to collaterally attack judgments. And there's no authority here for the proposition that you can go back, take a district court's holding and understanding of a complaint and recharacterize it. Aren't there cases that essentially say it's not the court's job to recharacterize in these kinds of situations the relief that the prisoner is seeking? Yeah, there's two issues here, Your Honor. The first is the plaintiff is the master of their own complaint. And the court can liberally construe a pro se filing, but I don't think you can rewrite it completely to get a whole new different type of cause of action, a different remedy. Okay. Thank you. Yeah. Unless the court has any other questions, the state would ask the court to affirm. Very well. Thank you for your argument. Do you care to make any rebuttal, Mr. Eslich? All right. Thank you. A few points in rebuttal. First, HECC is not an element of a 1983 action. HECC itself made clear that favorable termination is an element of malicious prosecution cases. The court says as much one element that must be alleged and proved in a malicious prosecution action is termination of prior criminal proceedings in favor of the accused. But that was limited to malicious actions that sounded in malicious prosecution, not for all 1983 actions. Now, a number of circuits and the defendants argue or say that favorable termination is an element, or HECC is an element of all actions. But that is not the case. And that does not heed the warning of the Supreme Court recently in Olivier, which cautioned against taking an overbroad reading of HECC in that some of the language might not be as precise as it could be. HECC is not an element that a plaintiff must plead and prove. It can be raised, and when it is raised, the plaintiff can rebut it. But it does not come up as an element does in 1983 actions. It's something that a plaintiff must affirmatively plead. Second, regarding meritless defendants, say the purpose of the PLRA was to penalize meritless lawsuits. That is not the case of the PLRA. The PLRA is to reduce frivolous litigation. And nothing about Mr. Williams' Manthe case or 1983 actions barred under HECC are inherently meritless. This court on numerous occasions has recognized a distinction between actions that are barred under HECC and actions that are dismissed based on failure to state a claim, whether that's Colbert v. City of Monticello, Mitchell v. Kirchmeier, or Harper-Perez v. Gonzales. In Harper-Perez v. Gonzales, for example, this court dismissed the due process claims of the plaintiff for being HECC barred. But it recognized that the plaintiff's equal protection claims were properly dismissed as for failure to state a claim. The lower court here made the same distinction in footnote 2 of their order, recognizing that Mr. Williams' Manthe case was dismissed under HECC, but that Mr. Williams' other two cases, Watson and Hartley, were dismissed for failure to state a claim. And other circuits as well have more explicitly linked failure to state a claim as being an evaluation of the merits. Second point on the purpose of the PLRA, by holding that HECC is a strike for failure to state a claim, individuals just like Mr. Williams would be barred from the courtroom. When the notice of appeal was dismissed, or when Mr. Williams was charged the $255 in 2008 for the Mr. Manthe appeal, it took him 14 years to pay that off. So holding HECC as a failure to state a claim would be financially locking many others out of the courtroom. And finally, just to address the habeas argument, we are not asking this court to retroactively open and recast Mr. Williams' Manthe complaint as a habeas action. Our basic argument is that the premise of HECC dismissals is that the 1983 action undermines the conviction of a criminal sentence, or undermines the criminal conviction of a sentence, and that gets to the very purpose of habeas, as habeas is the exclusive federal remedy for individuals challenging the term or length of their imprisonment. So whether we understand HECC as functionally a mislabeled habeas petition or a part of the 1983 action resonates in habeas, neither of which would be a strike under this court's precedent because of Malave v. Hendrick or Orr v. Clements for that reason. For this reason, HECC dismissals are not for failure to state a claim because they are premature, do not evaluate the merits, and for this reason we ask this court to reverse and remand so that Mr. Williams is no longer financially locked out of the courtroom. Thank you. Very well. Thank you for your argument. Thank you to both counsel. The case is submitted and the court will file a decision in due course.